# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GEOFFREY CRAIG PICKENS, Inmate No. 99083067, Petitioner, | :: :: :: : | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : : | CIVIL ACTION NO. 1:17-CV-2777-TWT-JSA |
| R.L. (BUTCH) CONWAY; et al., Respondent. | : : | |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Petitioner Geoffrey Craig Pickens, a pre-trial detainee at the Gwinnett County Adult Detention Center in Atlanta, Georgia, submitted the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is presently before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").[1] Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

---

[1] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

AO 72A
(Rev.8/82)

I. Discussion

In this § 2241 petition, Petitioner essentially complains about the trial court's denial of the motion to suppress evidence in his ongoing criminal proceedings, and asks this Court for a writ of mandamus to "compel the clearly erronious [sic] decision of denial of motion to suppress[.]" (Doc. 1 at 7).

First and foremost, this Court has no authority to provide Petitioner with the relief he seeks. Indeed, this Court has no general power to issue writs of mandamus to direct state officials in the performance of their duties. *See Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (establishing that the Eleventh Amendment bars federal courts from using the writ of mandamus to compel state officers to comply with state law in the performance of their duties); *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (per curiam) ("'[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties.'") (quoting *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Thus, this Court cannot grant Petitioner the relief that he seeks.

AO 72A
(Rev.8/82)

Moreover, to the extent that this Court could construe the petition as also seeking release, this Court is prohibited from intervening in Petitioner's state court criminal proceedings by the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" *Id.* at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 244 (1926)).

Extraordinary circumstances may justify intervention in circumstances where a petitioner alleges great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. *See Younger*, 401 U.S. at 46. Pretermitting whether Petitioner has sufficiently alleged a fragrant violation of his rights so as to fall within this exception to the *Younger* doctrine, he must first exhaust his state court remedies before seeking federal habeas relief, which he has not done. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). As a matter of comity, state courts must be afforded the opportunity to

3

hear claims raised in a federal habeas corpus petition which challenge a state's authority to place a petitioner into its custody. *Picard*, 404 U.S. at 275. Such a fair opportunity may include applying for state habeas or state mandamus relief.[2] Other than filing a *pro se* motion to allow an out-of-time appeal of the denial of his motion to suppress and to argue that counsel was ineffective, however, Petitioner has not made any showing or argument that would suggest that the available state process is ineffective to protect his rights. So long as review is available in the Georgia courts,"this Court is precluded from the consideration of the substance of [Petitioner's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

---

[2] Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). And pursuant to O.C.G.A. § 9-6-20, "the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights[.]"

4

Thus, in light of the foregoing analysis, the instant petition should be dismissed pursuant to Rule 4 and *Younger*.

II.     Conclusion

**IT IS THEREFORE RECOMMENDED** that the instant petition [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4.

Petitioner is **GRANTED** *in forma pauperis* status [Doc. 2] for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

III.    Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any

5

dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's conclusions that: this Court has no authority to provide Petitioner with mandamus relief; that the Court cannot review Petitioner's claims under *Younger*; and/or that the Court cannot review Petitioner's claims because Petitioner has failed to exhaust his state court remedies.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 8th day of August, 2017.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)